| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DOUGLAS LEE BARLOW, §
§
    Petitioner, §
§
*versus* § CIVIL ACTION NO. 1:14-CV-546
§
CHARLES A. DANIELS, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Douglas Lee Barlow, an inmate confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be dismissed.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the pleadings and the applicable law.

Petitioner is challenging convictions for tampering with a witness and conspiring to tamper with a witness. He asserts two grounds for review. His first ground for review asserts factual innocence. His second ground for review asserts he is legally innocent because, as a result of the

Supreme Court's decision in *Fowler v. United States*, 550 U.S. 668 (2011), what the government accused him of doing no longer constitutes a crime.[1]

The magistrate judge concluded that neither of the grounds for review provided petitioner with a basis for relief. With respect to the first ground for review, the magistrate judge concluded that factual innocence did not provide a Section 2241 petitioner with a basis for relief. With respect to the second ground for review, the magistrate judge concluded this ground for review was not foreclosed at the time of petitioner's trial, direct appeal or first motion to vacate, set aside or correct sentence. Accordingly, petitioner could not assert this ground for review in a Section 2241 petition.

Petitioner states he rejects the magistrate judge's Report and Recommendations and faults the magistrate judge for not analyzing the merits of his grounds for review. However, petitioner makes no attempt to show that the magistrate judge's conclusion that the grounds for review were not cognizable in this proceeding was erroneous.

The magistrate judge's conclusion was not erroneous. Claims of factual innocence may not be asserted in a Section 2241 petition. Further, petitioner has not cited any authority that demonstrates the argument he attempts to make based on *Fowler* was foreclosed by applicable circuit law when it could have been asserted at trial, on direct appeal or in petitioner's first motion to vacate. In order to be entitled to relief in this proceeding, petitioner must assert a ground for review that: (1) is based on a retroactively applicable decision of the United States Supreme Court which demonstrates he was convicted of a nonexistent offense and (2) was foreclosed by established circuit law when it could have been raised during trial, on direct appeal or in an initial

---

[1] Petitioner's convictions are based upon a violation of 18 U.S.C. § 1512(a)(1). That section makes it a crime to kill a person with the intent to prevent that person from communicating with a law enforcement or judge of the United States. In *Fowler*, the Supreme Court held that in order to prove a violation of this section, the government needed to prove there was a reasonable likelihood that the person killed would have communicated with a federal law enforcement officer rather than just to any law enforcement officer. Petitioner contends there was no evidence that the person involved in his offense was killed in order to prevent her from communicating with a federal law enforcement officer.

motion to vacate, set aside or correct sentence. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001). Petitioner's second ground for review does not satisfy this standard.

ORDER

The magistrate judge correctly found that Petitioner's grounds for review are not cognizable in this proceeding. Petitioner's objections are therefore **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment shall be entered dismissing the petition.

SIGNED at Beaumont, Texas, this 1st day of March, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE